UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| WARREN E. JACKSON<br>    LDOC #259799<br>VS.<br><br>J.B. EVANS CORRECTIONS CENTER,<br>ET AL. | CIVIL ACTION NO. 08-1652<br><br>SECTION P<br>JUDGE JAMES<br><br>MAGISTRATE JUDGE HAYES |
|---|---|

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Warren E. Jackson, proceeding *in forma pauperis*, filed the instant civil rights complaint on October 31, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Forcht-Wade Corrections Center (FWCC), Keithville, Louisiana; however, when he filed this complaint, he was incarcerated at the J.B. Evans Corrections Center (JBECC), Newellton, Louisiana. He complains that he is being denied appropriate treatment for substance abuse addition. He seeks an unspecified amount of punitive and compensatory damages from the defendants – Regional Warden Richard Deville, Deputy Warden Pailette, Nurse Allen, and Nurse Peggie – and an "emergency transfer" from JBECC to some other facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that his complaint (insofar as it seeks damages) be **DISMISSED WITH PREJUDICE** as frivolous; and, it is further recommended that his complaint (insofar as it seeks injunctive relief in the form of a transfer) be **DISMISSED WITH PREJUDICE** as moot.

***Background***

Plaintiff is an inmate in the custody of the LDOC. Sometime prior to October 6, 2008, he was transferred to JBECC. On that date he advised JBECC medical staff that he was experiencing withdrawal symptoms as a result of his addiction to heroin and cocaine; he requested an examination by a physician.

On October 7, 2008, he was examined by Nurse Peggie. She advised plaintiff that she would recommend a transfer and further advised that she would arrange for him to see a physician on the following Friday.

On October 10, 2008, plaintiff placed another emergency request but he was not called out.

Nevertheless, on October 17, 2008, he was examined by a physician. Nurse Allen gave the physician a history of plaintiff's substance abuse problems and advised the physician that JBECC was not able to treat plaintiff's withdrawal symptoms. The physician then recommended that plaintiff be transferred to FWCC and the transfer request was forwarded to Wardens Deville and Pailette.

On October 20, 2008, plaintiff submitted a medical request and grievance seeking an Emergency Transfer to FWCC. Thereafter, on November 2, 2008, plaintiff was transferred to FWCC.

*Law and Analysis*

## 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably

3

meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded further opportunities to amend.

*2. Medical Care*

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the actions of the defendants were sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response </u>to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Further, the mere fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*,

4

122 F.3d 286, 292 (5th Cir.1997). "[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner or detainee], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). Plaintiff's complaint makes no such showing.

The complaint reveals that plaintiff notified officials at JBECC that he was experiencing withdrawal symptoms on October 6, 2008. He was examined by a nurse the following day; the nurse advised him that he needed to see a physician and needed a transfer to another facility. He was in fact examined by a physician on October 17 and based on the history supplied by plaintiff and the JBECC medical staff, the physician recommended transfer to a facility more equipped to deal with plaintiff's condition. On October 20, 2008, plaintiff requested an "Emergency Transfer." On October 27, 2008, he signed his complaint; it was filed on October 31, 2008. By November 2, 2008 – less than one month after his initial complaint and a little more than 2 weeks following his examination by a physician – plaintiff obtained the relief he demanded.

Plaintiff cannot seriously contend that the defendants at JBECC were deliberately indifferent to his plight. Indeed, the evidence submitted suggests that plaintiff's transfer was accomplished in a relatively short period of time. Plaintiff's claim for damages is without a basis in fact or law and should be dismissed with prejudice as frivolous. Further, his request for a transfer – having been accomplished within days of the filing of his complaint – should be dismissed with prejudice as moot.

### 3. Recommendation

**IT IS RECOMMENDED THAT** plaintiff's claims against the defendants at JBECC be

**DISMISSED WITH PREJUDICE** as frivolous; and,

**IT IS FURTHER RECOMMENDED THAT** plaintiff's request for injunctive relief – in the form of a transfer to FWCC – be **DISMISSED WITH PREJUDICE** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, December 22, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE